| STATE OF IOWA | ) | |
|---|---|---|
| | ) ss | **AFFIDAVIT** |
| COUNTY OF LINN | ) | |

Your Affiant, Christopher S. Cantrell, being duly sworn, does depose and state:

1. I am employed by the Department of Homeland Security, United States Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI), as a Special Agent (SA). I have been employed as a federal law enforcement officer since 1994. During this time, I was employed as a Border Patrol Agent for approximately five years. I was employed as a Deportation Officer for three and one-half years. I have been employed as a Special Agent since March 2003. ICE agents are authorized to investigate violations of the Immigration and Nationality Act (INA), as well as offenses found in Title 8, 18, and Title 19 (Customs) of the United States Code.

2. This affidavit is submitted in support of an application for a criminal complaint and arrest warrants for individuals known to law enforcement as David VIAMONTES-Pando and Henry HERRERA a/k/a Antonio LOPEZ.

3. I am aware of the information set forth below through a variety of sources, including personal investigation and investigation conducted by other agents and officers of other law enforcement agencies.

1

4. Pursuant to Title 18, United States Code, Section 1029(a)(1) it is unlawful for any person, to knowingly and with intent to defraud use one or more counterfeit access devices.

5. Pursuant to Title 18, United States Code, Section 1029(e)(1) the term "access device" means any card, plate, code, account number, electronic serial number, mobile identification number, personal identification number, or other telecommunications service, equipment, or instrument identifier, or other means of account access that can be used, alone or in conjunction with another access device, to obtain money, goods, services, or any other thing of value, or that can be used to initiate a transfer of funds (other than a transfer originated solely by paper instrument);

6. Pursuant to Title 18, United States Code, Section 1029(e)(2) the term "counterfeit access device" means any access device that is counterfeit, fictitious, altered, or forged, or an identifiable component of an access device or a counterfeit access device.

7. In January 2016, law enforcement officers in the greater Cedar Rapids, Iowa area responded to numerous complaints of credit card fraud. The reports have involved the theft of credit card information resulting in the creation of counterfeit/cloned credit cards being used at local merchants to purchase prepaid Visa gift cards. A typical transaction included the

2

purchase of a greeting card along with a prepaid Visa gift card having a value of $200 to $400.

8. The perpetrators of this scheme most commonly purchase a prepaid Visa gift card, a greeting card, and nothing else when using the counterfeit/cloned cards. The greeting cards, purchase receipts, and corresponding plastic shopping bag are generally discarded prior to making the next fraudulent transaction.

9. It is this rigid method of carrying out multiple fraudulent purchases which has allowed law enforcement officers to associate dozens of transactions with a group of at least six (6) Hispanic males who appear to be conspiring to carry out this scheme in eastern Iowa.

10. Investigation into the known uses of counterfeit/cloned credit cards as described above has identified at least a dozen real people in eastern Iowa whose credit card information has been used to make fraudulent purchases.

11. On January 15, 2016, a visa credit card account, which has an account number ending in "9850", belonging to C.T. was utilized to make an unauthorized purchase of a prepaid Visa gift card valued at $400 from Walgreens in Marion, Iowa. The total for this fraudulent transaction was $406.68 once the taxes and fees were added.

12. C.T. is a real person residing in the area of Marion, Iowa.

13. On January 16, 2016, the same credit card account belonging to C.T. was utilized to make a second fraudulent purchase at a Target Store in Cedar Rapids, Iowa. The total for this transaction was $409.20.

14. Law enforcement subsequently obtained images from Walgreen's surveillance cameras of three males who had used several credit cards to purchase gift cards on January 16, 2016 as described above.

15. On January 28, 2016, Walgreen's Manager John Ewing observed a man, later identified as VIAMONTES, from his prior encounter with the individual during the fraudulent transaction on January 15, 2016. Ewing and another employee alerted the Marion Police Department and provided specific information which allowed law enforcement officers to specifically identify VIAMONTES as the person Ewing recognized.

16. Law enforcement officers observed VIAMONTES leave Walgreen's, get into a truck, and pull out of the parking lot.

17. Marion, Iowa Police Detective Matt Jenatscheck subsequently stopped the vehicle. During the traffic stop, the driver was identified as HERRERA. The only other person in the vehicle was VIAMONTES.

18. It should be noted that Marion, Iowa Police Detective Rozek saw VIAMONTES throw several credit cards out the window of the vehicle before the vehicle stopped.

4

19. The credit cards which had been thrown out of the window were recovered by law enforcement. Investigation into the discarded credit cards revealed the following:

> CARD 1
> Branding: Amazon Rewards Visa
> Embossed account number ends in: 2803
> Account number encoded on magnetic strip ends in: 0205
> Financial institution tied to account number on the magnetic strip:
> ICBA Bancard
>
> CARD 2
> Branding: Amazon Rewards Visa
> Embossed account number ends in: 8088
> Account number encoded on    magnetic strip ends in: 2333
> Financial institution tied to account number on the magnetic strip:
> Bank of the West
>
> CARD 3
> Branding: Citi Bank MasterCard
> Embossed account number ends in: 0067
> Account number encoded on magnetic strip ends in: 8122

20. On January 28, 2016, your affiant conducted a post Miranda interview of VIAMONTES. During this interview, your affiant, showed VIAMONTES two images obtained from Walgreen's in Marion, Iowa which were recorded at about the time the above described fraudulent credit card transaction occurred. VIAMONTES admitted the man in the images looked like him. VIAMONTES admitted that he had clothing like the clothing the man in the photos was wearing. Additionally, VIAMONTES stated that it looked like the image was of Walgreen's. VIAMONTES stated it appeared to be

5

Walgreen's based on the shopping baskets and what appeared to be beverages stacked near the door.

21. Additionally, VIAMONTES claimed he has only visited Iowa one other time. VIAMONTES claimed his prior visit occurred fifteen days prior to the interview.

22. Your affiant has reviewed the images obtained from Walgreen's in Marion, Iowa which were recorded at about the time the above described January 15, 2016, fraudulent credit card transaction occurred and compared them to VIAMONTES. Your affiant believes the man in the images is in fact VIAMONTES.

23. During a search incident to arrest of HERRERA, law enforcement officers located two Florida drivers licenses bearing a photograph which appeared to be HERRERA:

> LICENSE 1:
> Name: Henry HERRERA
> DOB: 1993
> License number ends in: "304-0"
>
> LICENSE 2:
> Name: Antonio LOPEZ
> DOB: 1986
> License number ends in: "300-0"

24. Additionally, VIAMONTES and HERRERA were both in possession of boarding passes indicating they had flown from Fort Lauderdale, Florida to Chicago, Illinois via Spirit Airlines flight NK478 on January 28, 2016.

25. While participating in the aforementioned investigation on January 28, 2016, Hiawatha Police Detective Rod Fiser recognized HERRERA as the same individual who had been involved in a previous fraudulent credit card transaction.

26. According to information obtained by Detective Fiser as part of an ongoing fraud investigation, the below described credit card account was utilized to make a $217.23 purchase at a Walgreen's in Cedar Rapids, Iowa on January 14, 2016:

> Account number encoded on the magnetic strip ends in: 8638
> Financial institution tied to the account on the magnetic strip:
> U.S. Bank.

27. The credit card account ending in 8638 which was used to make the January 14, 2016 purchase belongs to S.M. S.M. is a real person residing in the area of West Branch, Iowa.

28. U.S. Bank has confirmed the aforementioned transaction on January 14, 2016 was fraudulent.

29. During the course of his investigation Detective Fiser obtained images of the individuals involved in the January 14, 2016 fraudulent transaction

7

from the security system at the Cedar Rapids Walgreen's. On January 28, Detective Fiser compared one of the images to HERRERA. Detective Fiser believes HERRERA is the same individual seen in the image.

30. Based on the information set forth above, your affiant has probable cause to believe the men known to law enforcement as David VIAMONTES-Pando and Henry HERRERA a/k/a Antonio LOPEZ have conspired to knowingly and with intent to defraud use one or more counterfeit access devices in violation of Title 18, United States Code, Sections 371 and 1029(a)(1).

31. I declare under the penalty of perjury that the foregoing facts and circumstances are true and correct to the best of my knowledge and belief.

Executed this 29th day of January, 2016.

_____
Christopher S. Cantrell
Special Agent
Immigration and Customs Enforcement
Homeland Security Investigations

Sworn to before me and subscribed in my presence this 29th day of January, 2016.

_____
JON STUART SCOLES
Chief Magistrate Judge
UNITED STATES DISTRICT COURT